# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY A. MEGELA,<br>    Petitioner,<br><br>vs.<br><br>MARK CAPOZZA *Superintendent S.C.I. Pittsburgh*; LLOYD A. WHITE *Chairman, PA Bd. of Prob. And Parole*; KATHLEEN KANE *The Attorney General of the State of Pennsylvania*,<br>    Respondents. | Civil Action No. 14-1335<br>Chief Magistrate Judge Maureen P. Kelly |

## ORDER

Bradley A. Megela ("Petitioner") is a state prisoner who has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging the two most recent denials of his re-parole application. Petitioner also filed a Motion to Stay these proceedings, ECF No. 20, which the Court granted by text order entered on February 17, 2015.

On June 4, 2015, Petitioner filed a Motion To Request Lifting of Stay of Proceedings ("Motion to Lift Stay"). ECF No. 23. In that Motion to Lift Stay, Petitioner noted that he was granted parole on April 10, 2015 and that he received his "Greensheet" on April, 22, 2015 and that he was issued a "bed date" of June 1, 2015 to the Renewal Center, which is a half way house. Also on June 4, 2015, Petitioner filed a Notice of Change of Address, ECF No. 24, indicating that he is now at the Renewal Center. In light of the events, the Court ordered the Stay to be lifted but also ordered Petitioner to Show Cause why this case had not become moot given that the only apparent challenge he raised in the Petition was to the Board's prior denials

of parole. ECF No. 25. Petitioner's response to the Order to Show Cause was due on June 30, 2015. Petitioner never filed a response to the Order to Show Cause.

In light of the foregoing, the following order is entered:

**AND NOW**, this 24th day of July 2015, the Petition is **DISMISSED as moot** in light of Petitioner's release on parole. See, e.g., Bethea v. Bickwell, No. 13–CV–1694, 2015 WL 1608521, at *2 (M.D. Pa. April 10, 2015) ("With respect to his parole claim, Bethea is not challenging his conviction or sentence. Rather, he is challenging the Board's denial of parole and he seeks immediate release on parole. But since Bethea has been released on parole—the very relief that he requested in his petition—this court cannot provide him any relief on this habeas claim. So, as the respondent argues and as Bethea concedes, this claim is now moot. *See Razzoli v. FCI Allenwood*, 200 F. App'x 166, 169 (3d Cir. 2006) (stating that '[t]hrough the passage of time Razzoli has been released on parole, thereby obtaining the relief that he sought through habeas' and holding that Razzoli's claims that his release on parole was illegally delayed are moot)").

BY THE COURT:

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Bradley A. Megela
Renewal Inc. # 1
339 Boulevard of the Allies
Pittsburgh, PA 15219

All counsel of record via CM-ECF